People v Mendez

2026 NY Slip Op 02728

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Luis Mendez, Defendant-Appellant.

Decided and Entered: April 30, 2026

Ind No. 537/21 70606/22|Appeal No. 6501|Case No. 2023-00988|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Denis Boyle, J. at suppression hearing; Albert Lorenzo, J. at plea and sentencing), rendered February 10, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree and burglary in the third degree, and sentencing him, as a second felony offender, to concurrent terms of three years and 2 to 4 years, respectively, unanimously affirmed.

Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559, 567 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his challenge to the suppression ruling (see People v McCreary, 237 AD3d 412, 412 [1st Dept 2025], lv denied 43 NY3d 1047 [2025]).

As an alternative holding, we find that Supreme Court properly denied defendant's suppression motion. Initially, there is no basis to disturb the court's credibility determinations. After receiving an intelligence report highlighting a "trend" of carrying firearms in fanny packs in the area, the police lawfully approached defendant, who was holding a fanny pack that appeared heavy. Defendant alerted his companion to a police van, apparently in order to avoid it, repositioned the fanny pack away from the officers upon making eye contact with one of them, after they saw him cross the street outside of a crosswalk in violation of former 34 RCNY § 4-04(c)(2) (amended City Record May 27, 2025, effective June 26, 2025) (see People v Sainz-Mantilla, 129 AD3d 508, 508 [1st Dept 2015], lv denied 26 NY3d 1011 [2015]; see also People v Simms, 25 AD3d 425, 425 [1st Dept 2006], lv denied 6 NY3d 838 [2006]). Defendant's subsequent flight, paired with his volunteering that he did not have anything on him, justified the officers' pursuit (see People v Delgado, 4 AD3d 310, 310-311 [1st Dept 2004], lv denied 2 NY3d 798 [2004]). Defendant's abandonment of the fanny pack that contained a .22 caliber pistol in the course of his flight thus was not the product of unlawful police activity (see People v Basono, 122 AD3d 553, 553 [1st Dept 2014], lv denied 25 NY3d 1069 [2015]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026